# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **ISAAC BESTER**<br><br>     Plaintiff<br><br>v.<br><br>**ROCO REAL ESTATE LLC and ROCO MANAGEMENT, LLC**<br><br>     Defendants | **Civil Action No.** _____ |

## COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT 29 U.S.C §201, ET. SEQ.

Plaintiff Isaac Bester brings this action to recover the liability owed to him for violations of 29 U.S.C. §201, *et. seq.* known as the Fair Labor Standards Act (hereinafter "FLSA" or "Act") by Defendant RoCo Real Estate LLC ("RoCo R.E.") and Defendant Roco Management, LLC ("Roco Mgmt.") (collectively "Defendants") . Plaintiff seeks the liability owed for minimum wage and overtime compensation violations, including an award of unpaid wages, an equal amount in the form of liquidated damages, and an award of reasonable attorneys' fees and costs as provided under 29 U.S.C. §216(b) of the Act.

### I.    Parties

1. Plaintiff Isaac Bester (hereinafter "Plaintiff or Bester") is a citizen of the United States of America and a resident of the state of Alabama.

1

2. Defendant RoCo Real Estate LLC (hereinafter "Defendant" or "RoCo R.E.") is foreign limited liability company registered with the Alabama Secretary of State as Entity ID Number 280-436.

3. Defendant Roco Management, LLC (hereinafter "Defendant" or "Roco Management") is foreign limited liability company registered with the Alabama Secretary of State as Entity ID Number 353-768.

4. At all times material to this action Defendants were engaged in interstate commerce and qualified as an employer under the FLSA.

5. At all times material to this action Defendants were Plaintiff's employer under the FLSA.

6. At all times material to this action Plaintiff was Defendants' employee under the FLSA.

**II.    Jurisdiction and Venue**

7. Plaintiff submits his written consent to become a party plaintiff to this lawsuit pursuant to 29 U.S.C. §216(b). (Exhibit 1: Bester signed FLSA consent).

8. Defendant Roco Management, LLC ("Defendant" or "Roco Mgmt.") is a privately owned and operated full service real estate investment and management company.

9. At all times material to this action, Defendants operated as a singled integrated enterprise engaged in commerce or in the production of goods for commerce as

defined by 29 U.S.C. §203(s)(1) of the FLSA and has an annual gross volume of sale in excess of five-hundred thousand dollars ($500,000.00).

10. Defendants operated as joint employers of Plaintiff.

11. This lawsuit is brought pursuant to the FLSA for equitable and declaratory relief and to remedy violations of the minimum wage and overtime provisions of the Act. 29 U.S.C. §§ 206 and 207.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

13. Venue is proper in the United States District for the Northern District of Alabama pursuant to 28 U.S.C. §1391.

14. Defendants are subject to personal jurisdiction in the state of Alabama for the purpose of this lawsuit.

15. At all times material to this action Defendants were an employer of Plaintiff as defined by 29 U.S.C. §203(d) of the FLSA.

16. At all times material to this action Plaintiff was and is an employee of Defendants as defined by 28 U.S.C. §203 of the FLSA.

17. At all times material to this action, Defendants employed Plaintiff, including suffering permitting Plaintiff to work as defined by 29 U.S.C. §203(g).

## III. Facts

18. Roco Mgmt.'s corporate office is located in at 33 Bloomfield Hills Parkway, Suite 135 in Bloomfield Hills, MI 48304.

19. RoCo R.E.'s corporate office is located in at 33 Bloomfield Hills Parkway, Suite 275 in Bloomfield Hills, MI 48304

20. Defendants own and operate approximately 20,000 apartment units across thirteen (13) states and has over five-hundred (500) employees.

21. Defendants have approximately eighty-two (82) apartment complexes.

22. Defendants' apartment complexes generally have individuals working in the following positions:

   a. Property Manager;

   b. Assistant Manager;

   c. Maintenance Supervisor.

23. Defendants' Chief Human Resource Officer is Nicole Goers.

24. On May 3, 2017, Defendants extended an offer of employment to Plaintiff as a full-time maintenance supervisor. (Exhibit 2: Offer Letter).

25. Bester started his employment on or about May 12, 2017.

26. Bester's employment with Defendants ended on or about January 29, 2018.

27. Bester was assigned to the Chateau Glen Oaks located at 408 Fairfax Drive in Fairfield, Alabama.

28. Defendants agreed to pay Bester a regular hourly rate of $19.50 for every hour for worked up to 40 hours per week.

29. At all relevant times, Bester worked as a maintenance supervisor at property owned and managed by RoCo Real Estate.

30. At all relevant times, Bester was paid by Roco Management for the work he performed at Roco Real Estate's Fairfield, Alabama location.

31. Defendants agreed to pay Bester overtime hourly rate of $29.25 for every hour worked over 40 hours per week.

32. Defendants agreed to pay Bester every two weeks.

33. Defendants used a punch clock to record "IN" and "OUT" times.

34. Defendants' time clock system tracked any edits made to "IN" and "Out" times.

35. Time information from apartment complexes were reported to the Michigan corporate office and his checks were paid out by Roco Management.

36. For the pay period between May 14, 2017 through May 27, 2017 Defendants pay records for Bester show eighty (80) regulars hours paid and fifteen point six-seven (15.67) overtime hours paid.

37. For the pay period between May 28, 2017 through June 10, 2017, Defendants' pay records for Bester show 77 regulars hours paid, 2.66 overtime hours paid, 6.35 regular holiday hours paid, and 1.65 holiday overtime records paid.

38. For the pay period between June 11, 2017 through June 24, 2017, Defendants' pay records for Bester show 80 regulars hours paid and 5.8 overtime hours paid.

39. For the pay period between June 25, 2017 through July 8, 2017, Defendants' pay records for Bester show 71.50 regulars hours paid and 4.15 overtime hours paid, and 8.5 holiday overtime hours paid.

40. For the pay period between July 9, 2017 through July 22, 2017. Defendants' records show Bester was paid 40 hours as salary code, 40 regular hours, and 4.18 overtime hours.

41. For the pay period between July 23, 2017 through August 5, 2017, Defendants pay records for Bester show only 80 hours paid as a salary pay rate.

42. For the pay period between August 6, 2017 through August 19, 2017, Defendants pay records for Bester showed only 80 hours paid as a salary pay rate.

43. For the pay period between August 20, 2017 through September 2, 2017, Defendants' pay records for Bester show only 80 hours paid as a salary pay rate.

44. For the pay period between September 3, 2017 through September 16, 2017, Defendants' pay records for Bester show only 80 hours paid as a salary pay rate.

45. For the pay period between September 17, 2017 through September 30, 2017, Defendants' pay records for Bester show only 80 hours paid as a salary pay rate.

46. For the pay period between October 1, 2017 through October 14, 2017, Defendants' pay records for Bester show 80 hours paid as a salary pay rate.

47. For the pay period between October 15, 2017 through October 28, 2017, Defendants' pay records for Bester show 80 hours paid. as a salary pay rate.

48. For the pay period between October 29, 2017 through November 11, 2017, Defendants' pay records for Bester show 80 hours paid as a salary pay rate.

49. For the pay period between November 12, 2017 through November 25, 2017, Defendants' pay records for Bester show 80 hours paid as a salary pay rate.

50. Defendants paid Bester a bi-weekly amount of $1,560.00 which is approximately $780.00 per week.

### IV. Causes of Action

### Violations of the Fair Labor Standards Act

51. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 50 as if fully set forth herein.

52. Defendants' timekeeping, payroll, and classification policies, procedures, and practices violated Plaintiff's rights to minimum wage and overtime under the FLSA.

53. Plaintiff regularly worked in excess of 40 hours per week, but Defendants did not pay him time and half his regular rate of pay.

54. Plaintiff performed duties before and after his clock-in/punch-in times and clock-out/punch-out times.

55. Plaintiff continued to perform non-managerial and non-supervisory tasks and duties in excess of twenty percent of his work time after Defendants classified him as exempt from overtime.

56. Plaintiff was required to be on-call and perform rounds inspecting the property, including pick up trash and debris on the grounds, sweeping mopping the mail and laundry rooms, as well as locking and unlocking those at the start and end of day.

57. Plaintiff was required to respond to calls from residents including calls concerning maintenance and repair requests, such as sewage issues.

58. Plaintiff complained about being moved to salary.

59. Plaintiff suffered and was permitted to work for Defendants without any compensation.

60. Defendants knew or should have known that Plaintiff was performing compensable work outside his clock-times.

61. Plaintiff regularly worked in excess of forty hours per week and was not compensated at his proper overtime rate.

62. Plaintiff regularly performed compensable activity that was either not paid at his regular rate of pay or his proper overtime compensation rate.

63. Defendants' failure to compensate Plaintiff for the compensable work was willful.

64. Defendants' failure to compensate Plaintiff for the compensable work was not based a good faith understanding.

65. Plaintiff was not paid minimum wage or the proper overtime for the uncompensated time.

### V. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

1. that process issue against Defendants and that the Defendants be required to answer within the time period provided by applicable law;

2. that Plaintiff be awarded damages in the amount of his unpaid wages, and an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. that Defendants be required to pay Plaintiff's attorneys' fees;

4. that Defendants be required to pay the costs and expenses of this action;

5. that Plaintiff be granted such other, further and general relief to which he may show himself entitled; and

6. that a jury be impaneled to hear this cause of action at trial.

### VI. Jury Demand

THE PLAINTIFF DEMANDS A JURY TRIAL.

*/s Daniel Eduardo Arciniegas*
Daniel Eduardo Arciniegas (ASB-7809-D67A)

>Attorney for the Plaintiff
>Tennessee Bar:  035853
>Arciniegas Law PLLC
>501 Union Street, Suite 430
>Nashville, Tennessee
>Telephone:  629.777.5339
>Fax:  615.988.9113
>E-Mail:  daniel@attorneydaniel.com
>
>*s/ Daniel Patrick Evans*
>Daniel Patrick Evans (ASB-3209-R67G)
>Attorney for the Plaintiff
>The Evans Law Firm, P.C.
>1736 Oxmoor Road, Suite 101
>Birmingham, Alabama 35209
>Telephone:  (205) 870-1970
>Fax: (205) 870-7763
>E-Mail: dpevans@evanslawpc.com

**Plaintiff's Addresses**
c/o   Arciniegas Law, PLLC
c/o   The Evans Law Firm, P.C.

**Defendants' Addresses:**

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

**RoCo Real Estate, LLC**
Registered Agent: Congency Global, Inc.
2 North Jackson Street Suite 605
Montgomery, Alabama 36104

**Roco Management, LLC**
Registered Agent: Congency Global, Inc.
2 North Jackson Street Suite 605
Montgomery, Alabama 36104

>*s/ Daniel Eduardo Arciniegas*
>*Of Counsel*

# EXHIBIT 1

## CONSENT TO BECOME A PARTY PLAINTIFF
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

Pursuant to 29 §216(b) I submit my written consent to become a party plaintiff vindicate and obtain the liability owed to me under the Fair Labor Standards Act lawsuit.

Print Name: __ISAAC__   __GERARD__   __BESTER__
             (First Name)   (Middle Name)   (Last Name)

Signature: _____/s/ Isaac G. Bester_____

Mailing Address: 2509 Princeton Av SW,
(Street)               (Apartment Number)

Birmingham    AL  35211
(City)             (State)

E-mail Address: besteri@bellsouth.net

Home Phone: _____

Mobile Phone: 205-936-4276

Emergency Contact Name: DONNA Bester

Emergency Contact Number: (205) 808-6749



**EXHIBIT 2**

5/3/2017

Isaac Bester
besteri@bellsouth.net

Dear Isaac,

ROCO Management is pleased to extend an offer of employment to you to join our organization. Should you accept this offer, the terms of your new position are outlined below.

| | |
|---|---|
| **Position:** | **Maintenance Supervisor – FT** |
| **Reports To:** | **Property Manager – James Johnson** |
| **Start Date:** | **5/12/2017 (Tentative)** |
| **Location:** | **Chateau Glen Oaks** |
| **Compensation:** | Your position will be classified as **HOURLY / not exempt from overtime,** and your compensation will be **$19.50/hour.** Payroll will be biweekly. |

**Paid Time Off:**
ROCO Management policy is that you will accrue vacation at a rate of ten (10) days per year for the first five (5) years of your employment. Thereafter you will accrue at the vacation accrual rate specified in our vacation policy. You will also accrue sick leave benefits at the rate of five (5) days per year. Three (3) personal leave days are available to you annually. In addition, the company currently provides eligible employees with designated company paid holidays each year.

**Benefits Program:**
We are pleased to present a very competitive benefits package for eligible employees. ROCO Management offers health insurance benefits (medical, dental and vision), life insurance, short term and long term disability, 401(k) Plan, and ROCO's Flexible Spending Plan (Healthcare Reimbursement Account and/or Dependent Care Reimbursement Account). Benefit plan documents will be provided to all employees as soon as possible following enrollment. Eligibility for health plan benefits and 401(k) will begin the first of the month following sixty (60) days of employment.

**Additional Terms:**
As a condition of employment, you will be required to sign an Employee Confidentiality and Non-Solicitation Agreement. You will also be required to successfully pass a background check. Finally, you should also note that you will be required to show proof of identity and your legal authorization to work in the United States within 3 days of your start date with ROCO Management (we cannot accept the previous company's I-9's). We reserve the right to rescind this offer based on a failure to meet any of these conditions.

We look forward to having you join the ROCO team. However, we recognize that you retain the option, as does the Company, of ending your employment at any time, with or without notice and with or without cause. We remain grateful that you're joining the ROCO team at such an exciting time, and we look forward to working with you. Welcome to the organization!

ROCO Real Estate | 33 Bloomfield Hills Parkway #135 | Bloomfield Hills, Michigan 48304
P: 248.593.1919 | W: ROCOrealestate.com



**ROCO REAL ESTATE**

**IMPORTANT: TO ACCEPT THIS OFFER PLEASE SIGN THE BOTTOM OF THIS PAGE AND SCAN/EMAIL BOTH PAGES TO PEOPLE@ROCOREALESTATE.COM AS SOON AS POSSIBLE BUT NO LATER THAN ONE WEEK PRIOR TO YOUR DATE OF HIRE. FOLLOWING RECEIPT OF SIGNED OFFER LETTERS, YOU WILL RECEIVE AN "ONBOARDING" EMAIL FROM PAYCOR WITH YOUR CUSTOM LINK TO THE ELECTRONIC ONBOARDING PROCESS -- ALL ONBOARDING MUST BE COMPLETED BEFORE YOUR FIRST DAY OF EMPLOYMENT.**

Sincerely, *[signature]*  5/3/17          Accepted, *Isaac Bester*

ROCO Management Company

*Nicole Goers/HD*            5/3/2017
Nicole Goers, Chief HR Officer    DATE        Isaac Bester        DATE

**IMPORTANT INFORMATION:**

For questions about the onboarding process – please send an email to: PEOPLE@rocorealestate.com
For questions about payroll – please send an email to: roco.payroll@rocorealestate.com
For questions about benefits – please send an email to: Debbie.chaffee@rocorealestate.com