FILED
2019 May-23  PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ISAAC BESTER,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Action No.:** |
| | * | **2:19-cv-00541-TMP** |
| | * | |
| **ROCO REAL ESTATE, LLC and** | * | |
| **ROCO MANAGEMENT, LLC,** | * | |
| | * | |
| **Defendants.** | * | |

## DEFENDANTS' AFFIRMATIVE DEFENSES, ANSWER, AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, come Defendants, ROCO Real Estate, LLC ("ROCO R.E.") and ROCO Management, LLC ("ROCO Management") which, pursuant to Federal Rule of Civil Procedure 12, respectfully respond to the Complaint of Plaintiff, Isaac Bester ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

The Complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations of the Complaint are overly broad, vague, conclusory, and include terms which are not defined, not used by Defendants, and susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied

1

unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the Complaint as a whole.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is exempt from the overtime pay requirements of the FLSA under one or more of the exemptions set forth in 29 U.S.C. §213.

## THIRD DEFENSE

Defendants' undertakings of the acts or omissions complained of were in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, or interpretations of the Department of Labor and, accordingly per 29 U.S.C. §259, Defendants are not liable for the alleged overtime pay violations.

## FOURTH DEFENSE

Defendants have fully and/or substantially performed any and all obligations Defendants may have had to Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants.

Plaintiff has not been damaged in the sums or manner alleged, or in any sum or manner, or at all.  Plaintiff has been paid all amounts to which Plaintiff may be entitled.

## SIXTH DEFENSE

Any act or omission alleged to have given rise to Plaintiff's Complaint in this action was in good faith and based on a reasonable belief that Defendants were in compliance with all applicable wage and hour requirements. Plaintiff is not entitled to statutory double damages because Defendants did not willfully fail to pay wages and/or there is a bona fide dispute as to whether additional wages are owed.

## SEVENTH DEFENSE

Some or all of the damages sought are *de minimus* and not recoverable.

## EIGHTH DEFENSE

Plaintiff's claims are or may be barred in whole or in part by laches or by the applicable statutes of limitations.  Moreover, Defendants deny any alleged willful violations of the FLSA and contend the applicable limitations period is two years.

## NINTH DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, *res judicata*, issue preclusion, claim preclusion, or unclean hands.

## TENTH DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of accord and satisfaction, payment, release, or failure of consideration.

## ELEVENTH DEFENSE

Defendants are entitled to all just and lawful offsets against damages owed, including, but not limited to, credit for paid time.

## TWELFTH DEFENSE

Defendants did not act willfully or with reckless disregard of any applicable FLSA prohibitions or requirements.

## THIRTEENTH DEFENSE

Defendants aver that the time sought by Plaintiff was not compensable and did not constitute compensable working time.

## FOURTEENTH DEFENSE

Plaintiff was paid all compensation to which Plaintiff  was entitled under the FLSA.

## FIFTEENTH DEFENSE

Plaintiff has failed to minimize and/or mitigate Plaintiff's damages; therefore, any alleged damages should be reduced due to this failure on Plaintiff's part.

## SIXTEENTH DEFENSE

To the extent Plaintiff claims a practice of Defendants affected Plaintiff, if any, such practice was job related and consistent with business necessity.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to any recovery because any alleged acts or omissions were made by Defendants in good faith in conformity and reliance on any applicable administrative regulations, orders, rulings, approvals, or interpretations, or administrative practice or enforcement policies with respect to the class of employers or persons to which Plaintiff belongs.

## EIGHTEENTH DEFENSE

Some or all of the purported claims in the Complaint are barred with respect to all hours during which Plaintiff was engaged in travel to and from the actual place of performance of Plaintiff's principal activities and/or Plaintiff was engaged in activities which were preliminary or postliminary to Plaintiff's principal activities.

## NINETEENTH DEFENSE

Defendants affirmatively plead all defenses available and/or applicable to Defendants under the FLSA, including all controlling legal authority interpreting the FLSA.

### TWENTIETH DEFENSE

Defendants deny any and all allegations or claims that Defendants violated, in any manner or nature, any provision of the FLSA or any other federal or state law.

### TWENTY FIRST DEFENSE

To the extent Plaintiff seeks compensatory damages or other damages not available under the FLSA, any such attempt to obtain those damages is barred.

### TWENTY SECOND DEFENSE

As to any equitable relief sought by Plaintiff, including liquidated damages under the FLSA, such relief is barred because Plaintiff has unclean hands.

### TWENTY THIRD DEFENSE

Plaintiff is not entitled to an award of pre-judgment interest.

### TWENTY FOURTH DEFENSE

Plaintiff is not entitled to recover interest from each work week compensation was not paid.

### TWENTY FIFTH DEFENSE

Any and all allegations not specifically admitted are denied.

## TWENTY SIXTH DEFENSE

Defendants reserve the right to adopt, by reference or otherwise, any applicable affirmative defense asserted by any other defendant in these proceedings.

## TWENTY SEVENTH DEFENSE

Defendants reserve the right to supplement and amend these pleadings as necessary.

**AND NOW**, with full reservation of rights, including, but not limited to the foregoing Defenses, Defendants respectfully answer the particular allegations of the Complaint as follows:

**I.      Parties**

1.      The allegations contained in Paragraph 1 do not require a response from Defendants.   Additionally, the allegations asserted in Paragraph 1 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendant.  However, should a response be required, then Defendant denies the allegations contained in Paragraph 1 for lack of sufficient information to justify belief therein.

2.      The allegations asserted in Paragraph 2 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response

from Defendants.  However, should a response be required from Defendants, then Defendant ROCO R.E. admits the allegations contained in Paragraph 2.

3.      The allegations asserted in Paragraph 3 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required from Defendants, then Defendant ROCO Management admits the allegations contained in Paragraph 3.

4.      The allegations asserted in Paragraph 4 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

5.      The allegations asserted in Paragraph 5 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

6.      The allegations asserted in Paragraph 6 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required, then Defendants deny

that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

## II.    Jurisdiction and Venue

7.     The allegations asserted in Paragraph 7 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

8.     The allegations asserted in Paragraph 8 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required from Defendants, then Defendant ROCO Management admits the allegations contained in Paragraph 8.

9.     The allegations asserted in Paragraph 9 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.  However, should a response be required from Defendants, then Defendants deny the allegations contained in Paragraph 9.

10.     The allegations asserted in Paragraph 10 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required from Defendants, then Defendants deny the allegations contained in Paragraph 10.

11.    The allegations asserted in Paragraph 11 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

12.    The allegations asserted in Paragraph 12 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then Defendants admit, upon information and belief, that this Honorable Court has subject matter jurisdiction over this matter.

13.    The allegations asserted in Paragraph 13 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then Defendants admit, upon information and belief, that venue is proper in this Honorable Court.

14.    The allegations asserted in Paragraph 14 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then

Defendants admit, upon information and belief, that the state of Alabama may have personal jurisdiction for the limited purpose of this lawsuit.

15.    The allegations asserted in Paragraph 15 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

16.    The allegations asserted in Paragraph 16 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

17.    The allegations asserted in Paragraph 17 state conclusions of law rather than allegations of fact and are thus not proper allegations which require a response from Defendants.   However, should a response be required, then Defendants deny that Defendants have any liability whatsoever to Plaintiff and Defendants further deny that Plaintiff is entitled to any of the relief which Plaintiff seeks.

### III.   Facts

18.   Defendant ROCO Management admits the allegations contained in Paragraph 18.

19.   Defendant ROCO R.E. admits the allegations contained in Paragraph 19.

20.   Defendants deny the allegations contained in Paragraph 20 as written.

21.   Defendants deny the allegations contained in Paragraph 21 as written.

22.   Defendants admit that the three categories of employment positions recited in Paragraph 22 are generally hired to work at Defendants' properties but otherwise deny the allegations contained in Paragraph 22, for the three categories of employment positions recited in Paragraph 22 are not the only categories of employment positions at each property and furthermore, not every property has employees in all of the three employment categories recited in Paragraph 22.

23.   Defendants admit the allegations contained in Paragraph 23.

24.   To the extent the allegations contained in Paragraph 24 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendant ROCO R.E. admits that it extended an offer of employment to Plaintiff.

25.   Defendants admit the allegations contained in Paragraph 25.

26.   Defendants admit the allegations contained in Paragraph 26.

27.     Defendants admit the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28 on the basis that Plaintiff was erroneously classified as an hourly employee.

29.     Defendants admit the allegations contained in Paragraph 29.

30.     Defendants admit the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31 on the basis that Plaintiff was erroneously classified as an hourly employee.

32.     Defendants admit the allegations contained in Paragraph 32.

33.     Relative only to the period of time during which Plaintiff was erroneously classified as an hourly employee, Defendants admit, upon information and belief, that Plaintiff did use a punch clock but otherwise deny the allegations contained in Paragraph 33 for lack of sufficient information to justify belief therein.

34.     Relative only to the period of time during which Plaintiff was erroneously classified as an hourly employee, Defendants admit, upon information and belief, that Plaintiff did use a punch clock but otherwise deny the allegations contained in Paragraph 34 for lack of sufficient information to justify belief therein.

35.     Relative only to the period of time during which Plaintiff was erroneously classified as an hourly employee, Defendants admit, upon information

and belief, that Plaintiff did use a punch clock but otherwise deny the allegations contained in Paragraph 35 for lack of sufficient information to justify belief therein, except to admit that Defendant ROCO Management issued paychecks to Plaintiff.

36.     To the extent the allegations contained in Paragraph 36 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 36.

37.     To the extent the allegations contained in Paragraph 37 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 37.

38.     To the extent the allegations contained in Paragraph 38 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 38.

39.     To the extent the allegations contained in Paragraph 39 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 39.

40.    To the extent the allegations contained in Paragraph 40 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 40.

41.    To the extent the allegations contained in Paragraph 41 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 41.

42.    To the extent the allegations contained in Paragraph 42 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 42.

43.    To the extent the allegations contained in Paragraph 43 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 43.

44.    To the extent the allegations contained in Paragraph 44 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 44.

45.     To the extent the allegations contained in Paragraph 45 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 45.

46.     To the extent the allegations contained in Paragraph 46 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 46.

47.     To the extent the allegations contained in Paragraph 47 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 47.

48.     To the extent the allegations contained in Paragraph 48 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 48.

49.     To the extent the allegations contained in Paragraph 49 refer to written documents, said documents are the best evidence of their own contents. However, should a response be required, then Defendants admit the allegations contained in Paragraph 49.

50.     Defendants admit that Plaintiff's bi-weekly pay rate was $1,583.40, or $791.70 per week.

## IV.   Causes of Action

### Violations of the Fair Labor Standards Act

Defendants deny the allegations contained in the un-numbered underlined caption immediately above.

51.     Defendants reiterate and re-aver their responses to the previous paragraphs, 1 - 50, and any and all unnumbered paragraphs, as though fully set forth herein, in response to Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     Defendants deny the allegations contained in Paragraph 55.

56.     Defendants admit that the allegations contained in Paragraph 56 recite some of Plaintiff's employment duties.

57.     Defendants admit that the allegations contained in Paragraph 57 recite some of Plaintiff's employment duties.

58.     Defendants deny the allegations contained in Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59.

60.     Defendants deny the allegations contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants deny the allegations contained in Paragraph 63.

64.     Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65.

**V.     Prayer for Relief**

The penultimate, unnumbered, paragraph, including its sub-parts, is a request for relief, thus, no response is required from Defendants.  However, should a response be required, then Defendants deny that Plaintiff is entitled to any of the relief which Plaintiff seeks and further deny that Defendants have any liability whatsoever to Plaintiff.

**VI.    Jury Demand**

The final, unnumbered, paragraph, is a request for trial by jury, thus, no response is required from Defendants.  However, should a response be required, then Defendants demand trial by jury on all issues triable by jury.

**WHEREFORE,** Defendants, ROCO Real Estate, LLC and ROCO Management, LLC, respectfully request that these Affirmative Defenses, Answer, and Request for Trial by Jury be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of Defendants and against Plaintiff, dismissing Plaintiff's Complaint with full prejudice and at Plaintiff's sole

cost.  Defendants further pray that Plaintiff be cast in judgment for damages, attorney fees, and costs incurred by Defendants.  Defendants further pray for all general and equitable relief deemed appropriate by this Honorable Court. Defendants further pray for trial by jury on all issues triable by jury.

Respectfully Submitted:

s/ *Colin D. Sherman*
Colin D. Sherman (ASB-3110-O72S)
**SHERMAN & LACEY, LLP**
P.O. Box 3062
Mobile, AL  36652-3062
Telephone:  (251) 930-5415
Facsimile:   (251) 252-7794
csherman@shermanlaceylaw.com
***ATTORNEYS FOR DEFENDANTS,***
***ROCO REAL ESTATE, LLC AND***
***ROCO MANAGEMENT, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service, and/or that I have served a copy of the foregoing pleading on all parties to this proceeding who are not registered for electronic service by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed, this *23rd* day of May 2019.

s/ *Colin D. Sherman*
Colin D. Sherman