

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **ISAAC BESTER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO. 2:19-cv-00541-ACA |
| | ) |
| **ROCO REAL ESTATE, LLC** and | ) |
| **ROCO MANAGEMENT, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT OF PARTIES' PLANNING CONFERENCE

Come now the Parties in the above-referenced case and, pursuant Fed. R. Civ. P. 26, set forth the details for the Parties Planning Conference and the proposed deadlines in this case.

**1.    Appearances:**

Pursuant to Fed. R. Civ. P. 26(f), a conference of the Parties' representatives was held on **June 13, 2019** among the following:

   a.   Appearing on behalf of the Plaintiffs: D. Patrick Evans of The Evans Law Firm, P.C., 1736 Oxmoor Road, Homewood, Alabama 35209 and Daniel Arciniegas of Arciniegas Law, PLLC, 5021 Union Street, Suite 430, Nashville, TN 37219.

   b.   Appearing on behalf of Defendants: Colin Sherman of Sherman & Lacey, LLP, 118 N. Royal St., Suite 702, Mobile, AL 36602.

**2.    Amended Pleadings:**

   a.   The Parties propose that all pleadings must be amended without the leave of Court by **August 30, 2019**.

   b.   Responses are due **21** days thereafter.

3.  **Discovery Limitations and Cutoffs:**

    a.  Pre-discovery disclosure:  The Parties shall exchange the information required by Local Rule 26.1(a)(1) by **June 7, 2019.**

    b.  The period for discovery shall commence **June 27, 2019**

    c.  All discovery to be completed by **June 19, 2020.**

    d.  Unless modified by written and filed Stipulation of the Parties:

        I.  Depositions:

            Maximum of **7** depositions per party, with a maximum time limit of **7** hours per deposition, excluding breaks and lunch.

        ii. Interrogatories:

            Maximum of **35** interrogatories be allowed by each party, with responses due within 30 days after service.

        iii. Requests for Admission:

            Maximum of **35** requests for admission be allowed by each party, with responses due within 30 days after service.

        iv. Request for Production:

            Maximum of **35** requests for production be allowed by each party, with responses due within 30 days after service.

        v.  Supplementation:

            Supplementation of disclosures under Rule 26(e), Fed. R. Civ. P., are due as required therein, but no later than **40** days before the close of discovery.

4.  **Expert Testimony:**
    a.  Plaintiffs' Expert Reports are due by **April 3, 2020** with the expert to be submitted for deposition on or before **June 5, 2020.**

  **b.**  Defendants' Expert Reports due by **April 24, 2020** with the expert to be submitted for deposition on or before **June 5, 2020.**

**5.**  **Dispositive Motions:**

All potentially dispositive motions must be filed by **July 13, 2020**.

**6.**  **Pre-Trial Conference:**

The Parties request a pre-trial conference on **August 12, 2020.**

**7.**  **Trial:**

The Parties request this case be set for trial within 14 to 16 months of the date of the Court's scheduling order and propose the civil trial term of **September 8, 2020.** The trial of this case will take approximately 3-4 days, including jury selection.

**8.**  **Final Lists:**

The deadlines for serving and filing lists of trial witnesses and exhibits under Rule 26(a)(3), Fed.R.Civ.P., or any objections thereto, shall be set in accordance with the pretrial order. Final lists of trial witnesses and exhibits under Rule 26(a)(3), Fed.R.Civ.P., must be served and filed:

  a.  By the Plaintiff:  42 days prior to the trial date.

  b.  By the Defendants:  42 days prior to the trial date.

Objections are to be filed within 10 days after receipt of final lists of trial witnesses and exhibits.

**9.**  **Settlement/Mediation:**

The Parties are currently engaged in settlement discussions at this time. Counsel will further advise the Court regarding their position on settlement and mediation after some discovery.

**10.**  **Electronic Discovery:**

Plaintiffs will preserve electronic documents related to their claims or Defendants' defenses in their possession, custody, or control, including but not

limited to all electronic documents or records from third parties created or reviewed by any decision maker in this case that concern Plaintiffs, their claims, their treatment, or Defendants' defenses.

Defendants will preserve electronic documents in their possession, custody or control that relate to Plaintiffs' claims or Defendants' defenses, including but not limited to all electronic documents or records from third parties created or reviewed by any decision maker in this case that concern Plaintiffs, their claims, their treatment, or Defendants' defenses.

**11.   Summary of the Case:**

This is wage and hour case under the Fair Labor Standards Act. The Parties agree that this case is not complex.

**PLAINTIFF'S POSITION:**

Plaintiff Bester worked for Defendants from May 3, 2017 until January 29, 2018 as an hourly employ. Plaintiff was terminated after complaining about Defendants wage and hour violations. At all relevant times, Plaintiff was a non-exempt employee per the FLSA and Defendants were Plaintiff's employer for FLSA purposes.

Throughout Plaintiff's employment, Defendants knowingly and willfully required Plaintiff to work overtime and be on call, whereby Defendants failed to compensate Plaintiff for the hours he routinely worked over forty (40) hours in a given workweek. Defendants knowingly and willfully failed to comply with the legal requirements of the Fair Labor Standards Act.  Plaintiff sued Defendants to recover compensation that was never paid by Defendants for the hours he worked and/or was forced or  permitted to work.

As a result of Defendants' willful actions and inaction, Plaintiff was not paid in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

**DEFENDANTS' POSITION:**

Defendants deny any allegation of a FLSA violation.  If anything, Plaintiff was overpaid during the initial four payroll periods of his employment tenure.

Plaintiff, a Maintenance Supervisor, was mistakenly classified as non-exempt when hired on May 3, 2017.  The mistake was purely in good faith and corrected on or about July 10, 2017.  In its determination that Plaintiff was an exempt employee, Defendants acted in reliance upon judicial interpretations of Department of Labor rulings.

**12.   Summary of Proposed Deadlines:** Assuming that the period for discovery begins **June 27, 2019**, the foregoing deadlines would be as follows:

| | |
|---|---|
| Discovery Commencement: | **June 27, 2019** |
| Discovery Completion: | **June 19, 2020.** |
| Plaintiffs to Disclose Expert(s) by: | **April 3, 2020** |
| Defendants to Disclose Expert by: | **April 24, 2020** |
| Dispositive Motions/ Brief and Evidentiary Material by: | **July 13, 2020** |

RESPECTFULLY SUBMITTED,

*s/ Daniel Patrick Evans*
Daniel Patrick Evans (ASB-3209-R67G)  Attorney for the Plaintiff
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Fax: (205) 870-7763
E-Mail: dpevans@evanslawpc.com

*/s/ Daniel Arciniegas*
Daniel Arciniegas (ASB-7809-D67A)
Arciniegas Law, PLLC.
501 Union Street., Suite 430
Nashville, TN 37219

T: 629.777.5339
F: 615.988.9113
Daniel@attorneydaniel.com

*ATTORNEYS FOR PLAINTIFF*

*s/ Colin D. Sherman*
Colin D. Sherman (ASB-3110-O72S)
Sherman & Lacey, LLP
P.O. Box 3062
Mobile, AL  36652-3062
118 N. Royal St., Suite 702
Mobile, AL  36602
T: 251.930.5415
F: 251.252.7794
csherman@shermanlaceylaw.com
*ATTORNEYS FOR DEFENDANTS*